

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NO. 1:13-CR-6(4) |
| | § | |
| CANDACE AWBREY | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Candace Nicole Awbrey, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #194) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on October 29, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

 a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

 b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 8, 2013, United States District Judge Marcia A. Crone of the Eastern District of Texas sentenced the defendant after she pled guilty to the offense of bank fraud and aiding and abetting. The Court sentenced the defendant to 15 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare; mental health aftercare; financial disclosure; no new credit lines; gambling restrictions; $478.78 restitution; and a $100 special assessment. On February 14, 2014, Candace Nicole Awbrey completed her period of imprisonment and began service of the supervision term. On April 8, 2014, the Court modified Ms. Awbrey's conditions to include inpatient drug treatment followed by community corrections center placement. The Court modified those conditions again on March 25, 2015, to include the defendant shall reside and participate in the community

corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director.

### B. Allegations in Petition

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant shall reside and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission.*

Specifically, the petition alleges that on August 17, 2015, Candace Nicole Awbrey was unsuccessfully discharged from Bannum Place of Beaumont Community Corrections Center, for attempting to leave the facility without permission.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government would proffer testimony from the director of Bannum Place, a community corrections center, who would testify that on August 17, 2015, Ms. Awbrey was discharged from Bannum Place for attempting to leave the facility without permission.

Defendant, Candace Awbrey, offered a plea of true to the above-stated allegation in the petition. Specifically, she agreed with the evidence presented and pled true to the allegation that she was unsuccessfully discharged form Bannum Place.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a special condition of her supervised release by being unsuccessfully discharged from a community corrections center.

If the Court finds that Ms. Awbrey violated her supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the Probation Office, Ms. Awbrey failed to serve 51 days of court-ordered community confinement time in Bannum Place.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of her supervision conditions by being discharged from Bannum Place. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Candace Nicole Awbrey, to serve a term of **nine (9) months imprisonment** in this cause, with no additional supervised release to follow. This sentence includes the 51 days of unserved community confinement time.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 30th day of October, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE